tors, etc., of John Dunfee, Deceased, Respondents.— Judgment and order affirmed, with costs. All concurred.

In the Matter of the Application of International Railway Company for Appointment of Commissioners; etc.— Order entered appointing Edwin A. Nash, of Avon, N. Y.; Ogden P. Letchworth, of Buffalo, N. Y., and William E. Wheeler, of Portville, N. Y., commissioners.

Annie M. Breese, Respondent, v. Village of Macedon, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Motion for reargument denied, with ten dollars costs.

Ernest C. Whitbeck, as Trustee, etc., v. Anna E. English, Impleaded, etc.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

Byram Moulton, Respondent, v. Erie Railroad Company, Appellant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs and disbursements.

In the Matter of the Application of the Terminal Railway of Buffalo for an Order of the Supreme Court, etc., in the Towns of Cheektowaga and West Seneca.— Motions to dismiss appeals from the orders of the Special Term of the Supreme Court granted, with ten dollars costs. Motion to dismiss appeal from determination of Board of Railroad Commissioners denied.

In the Matter of Charges against Wilson H. Gardenier, an Attorney and Counselor at Law.— Issues raised by the charges and answer thereto referred to Charles W. Andrews, Esq., an attorney and counselor, residing at Syracuse, N. Y., to take proofs and report to the court with his opinion.

---

### SECOND DEPARTMENT, JULY, 1907.

MICHAEL J. FORD, Respondent, v. ADAMS DRY GOODS COMPANY, Appellant.

*Negligence — injury to electrician employed in department store through using elevator designed for ashes and refuse — invitation — assumption of risk.*

Appeal by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of Kings county on the 21st day of May, 1906.

Judgment and order affirmed, with costs. No opinion. Hirschberg, P. J., Hooker, Rich and Miller, JJ., concurred; Gaynor, J., read for reversal.

GAYNOR, J. (dissenting): The plaintiff was employed as electrician in the defendant's department store. He had to go all about the store and building and care for the arc lights and electric wires and fixtures. He had no other duties. From the engine room in the basement a platform lift ran up to the street level where flap doors opened. This lift was used to carry the ashes up from the engine room and to carry down the litter from the store floors to be burned in the engine fires. It was also used to bring down material used in the engine room. It was not the duty of the plaintiff to do any of these things, but in the performance of his work he had to go to the engine room daily. There were five employes in the engine room, including the engineer. The plaintiff